UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
30 North Gould Street
Suite 12848
Sheridan, WY 82801

Plaintiff,

v.

CENTERS FOR MEDICARE & MEDICAID SERVICES
7500 Security Boulevard
Baltimore, MD 21244
and

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
200 Independence Avenue, S.W.
Washington, D.C. 20201

Defendants,

Civil Action No. 26-3115

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff Government Accountability & Oversight ("GAO") brings this action against the Centers for Medicare & Medicaid Services ("CMS") and the United States Department of Health and Human Services ("HHS"). GAO alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. GAO seeks declaratory and injunctive relief requiring Defendants to process and produce agency records responsive to two requests.

2. Defendants failed to make a timely determination on either request. They

have not produced any responsive records.

**PARTIES**

3. GAO is a nonprofit research, public-policy, and public-interest litigation organization formed under Wyoming law. GAO studies government regulation and transparency. It obtains government records and disseminates them through reports, publications, and other media.

4. CMS is an operating division of HHS and an agency within FOIA's meaning. § 552(f)(1). CMS possesses and controls records responsive to GAO's requests.

5. HHS is a federal agency within FOIA's meaning. § 552(f)(1). CMS acts as an operating division of HHS, which is headquartered in the District of Columbia. GAO seeks relief against HHS for CMS's acts and omissions.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. GAO has constructively exhausted its administrative remedies, or alternatively is relieved of any obligation to further pursue such remedies, because Defendants did not make timely determinations on either request. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("CREW").

**GAO'S FOIA REQUESTS**

9. On July 6, 2026, GAO submitted a request to CMS through FOIA.gov. The

request sought specified emails, including attachments, sent to or from CMS Chief of Staff Stephanie Carlton, or copying her. It covered emails involving Ches McDowell, Chris LaCivita, Caitlin Koury, or Jackson Hines between July 1, 2025, and July 6, 2026.

10. CMS assigned Control No. 070620267047.

11. On July 15, 2026, CMS asked GAO to supply email addresses for the four outside individuals.

12. GAO supplied those addresses the same day, and CMS acknowledged the response.

13. On July 7, 2026, GAO submitted another request to CMS through FOIA.gov. It sought specified emails of John Giles, Jeremy Silanskis, or Laura Snyder. Responsive emails had to contain at least one of three search terms and include a correspondent using the California Department of Health Care Services domain, @dhcs.ca.gov.

14. CMS assigned Control No. 070720267008.

15. On July 15, 2026, CMS asked GAO to provide a date range for the request.

16. GAO provided a one-year date range the same day.

17. Defendants' determinations were due no later than August 3, 2026 (Control No. 070620267047), and August 4, 2026 (Control No. 070720267008), respectively. § 552(a)(6)(A)(i).

18. Defendants have not made a "determination" within the meaning of FOIA with respect to either of the requests.

19. FOIA required CMS to determine within 20 working days whether it would comply with each request and to state the reasons for its determination. §

552(a)(6)(A)(i).

20. A timely determination must do more than acknowledge a request and promise future compliance. Binding precedent requires the agency to identify and communicate the scope of the documents it intends to produce and withhold, give the reasons for withholding any documents, and notify the requester of any right to appeal an adverse determination. *CREW*, 711 F.3d at 188 (explaining that an agency must "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents" and "inform the requester that it can appeal whatever portion of the 'determination' is adverse").

21. FOIA permits an agency to toll the 20-working-day period once while awaiting reasonably necessary information from the requester. It also permits tolling when necessary to clarify fee-assessment issues. § 552(a)(6)(A)(ii)(I)–(II). Tolling ends when the agency receives the requester's response. *Id.* § 552(a)(6)(A)(ii).

22. CMS received GAO's clarification responses on July 15, 2026. Any tolling therefore ended that day and did not extend the deadlines alleged above.

23. As of this filing, Defendants have yet to make the determinations FOIA requires. *CREW*, 711 F.3d at 188.

24. Defendants have not told GAO whether they will comply with either request. They have not identified the scope of the documents they intend to produce or the scope of the documents they plan to withhold under any FOIA exemption. They have not stated the reasons for withholding any documents or informed GAO of its right to appeal an adverse determination. *CREW*, 711 F.3d at

186, 188.

25. For the reasons set forth above, Defendants failed to make timely determinations on GAO's two requests. GAO has therefore constructively exhausted its administrative remedies. § 552(a)(6)(C)(i).

26. Under these circumstances, the Court should impose a reasonable production schedule and supervise Defendants' compliance with FOIA. *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) ("A court therefore may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

## COUNT I
## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

27. GAO incorporates the preceding allegations.

28. GAO submitted two proper FOIA requests, but Defendants have neither made determinations nor produced responsive records.

29. GAO has a statutory right to all nonexempt agency records responsive to its requests. Defendants have improperly withheld those records.

30. GAO has constructively exhausted its administrative remedies.

## PRAYER FOR RELIEF

GAO respectfully requests that the Court:

A. Retain jurisdiction until Defendants comply with FOIA and the Court's orders;

B. Declare that Defendants violated FOIA by failing to make timely determinations on GAO's two requests and by withholding responsive agency records;

C. Declare that Defendants must disclose all nonexempt agency records responsive to the two requests;

D. Order Defendants to search for and promptly produce those records by dates certain, subject only to lawful withholdings;

E. Establish a briefing schedule for contesting the validity of any withholdings that remain in dispute after the agency has completed its production of records;

F. Award GAO its reasonable attorney fees and other litigation costs under § 552(a)(4)(E); and

G. Grant any other just and proper relief.

Dated: September 4, 2026

GOVERNMENT ACCOUNTABILITY & OVERSIGHT

By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com