THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY & OVERSIGHT,

Plaintiff,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*

Defendant.

Civil Action No. 26-3115 (APM)

**ANSWER**

Defendants, the Department of Health and Human Services ("HHS") and the Centers for Medicare & Medicaid Services ("CMS"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. Paragraph 1 contains Plaintiff's characterization of the nature of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that the subject suit purports to be brought pursuant to FOIA and denies that Plaintiff is entitled to the relief requested.

2. Paragraph 2 contains Plaintiff's conclusions of law, to which no response is required.

## PARTIES[1]

3. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3.

4. Defendants admit that CMS is a component of HHS, which is an agency of the federal government subject to the requirements of FOIA. The remainder of the allegations contained in paragraph 4 consist of conclusions of law to which no response is required.

5. Defendants admit that HHS is an agency of the federal government subject to the requirements of FOIA. The remainder of the allegations contained in paragraph 5 consist of conclusions of law to which no response is required.

## JURISDICTION AND VENUE

6. Paragraph 6 consists of conclusions of law regarding jurisdiction to which no response is required. To the extent that a response is deemed required, Defendants admit that the Court has jurisdiction over this case subject to the terms and limitations of FOIA.

---

[1] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

7. Paragraph 7 consists of Plaintiff's conclusions of law regarding venue to which no response is required. To the extent that a response is deemed required, Defendants admit that actions under FOIA are properly brought in this District.

8. Paragraph 8 consists of Plaintiff's conclusions of law to which no response is required.

**PLAINTIFF GOVERNMENT ACCOUNTABILITY & OVERSIGHT'S REQUEST**

9. Defendants admit that Plaintiff submitted a FOIA request on or around July 6, 2026. The remainder of the allegations of paragraph 9 consists of Plaintiff's characterization of its FOIA request. Defendants refer the Court to that request for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of the request.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendants admit that Plaintiff submitted a FOIA request on or around July 7, 2026. The remainder of the allegations of paragraph 13 consists of Plaintiff's characterization of its FOIA request. Defendants refer the Court to that request for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of the request.

14. Admitted.

15. Admitted.

16. Admitted.

17. Paragraph 17 consists of Plaintiff's conclusions of law and characterizations of the FOIA to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

18. Paragraph 18 consists of Plaintiff's conclusions of law and characterizations of the FOIA to which no response is required. To the extent a response is required, Defendants admit that, as of the filing date of this action, a final determination had not been issued with respect to either request. Defendants deny any implication in this paragraph of a violation of FOIA.

19. Paragraph 19 consists of Plaintiff's conclusions of law and characterizations of the FOIA to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

20. Paragraph 20 consists of Plaintiff's conclusions of law and characterizations of the FOIA and of case law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the FOIA and to the cited case law and deny any allegations inconsistent therewith.

21. Paragraph 21 consists of Plaintiff's conclusions of law and characterizations of the FOIA to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

22. With respect to the first sentence of this paragraph, Defendants admit that CMS received GAO's response on July 15, 2026, to CMS's request of July 15, 2026, to GAO for information regarding the request. The allegations in the second sentence of this paragraph consist of Plaintiff's conclusions of law to which no response is required.

23. Paragraph 23 consists of Plaintiff's conclusions of law and characterizations of the FOIA and of case law to which no response is required. To the extent a response is required,

Defendants admit that, as of the filing date of this action, a final determination had not been issued with respect to either request. Defendants deny any implication in this paragraph of a violation of FOIA.

24. Paragraph 24 consists of Plaintiff's conclusions of law and characterizations of the FOIA to which no response is required. To the extent a response is required, Defendants admit that, as of the filing date of this action, a final determination had not been issued with respect to either request. Defendants deny any implication in this paragraph of a violation of FOIA.

25. Paragraph 25 consists of Plaintiff's conclusions of law and characterizations of the FOIA to which no response is required.

26. Paragraph 26 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

**COUNT I**

27. Defendants reallege as if fully set forth herein paragraphs 1 through 26 previously set forth herein.

28. Admitted only that GAO submitted two FOIA requests and that final determinations had not issued on those requests at the time this lawsuit was filed.

29. Paragraph 29 consists of Plaintiff's conclusions of law to which no response is required.

30. Paragraph 30 consists of Plaintiff's conclusions of law to which no response is required.

**PRAYER FOR RELIEF**

The remainder of Plaintiff's Complaint, including subparagraphs (A) – (G), consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

**DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA or the Privacy Act.

**SECOND DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure pursuant to the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

The Complaint should be dismissed to the extent the requests fail to reasonably describe the records sought or would be unduly burdensome to process.

Dated: October 5, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*